UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | Case No. 1:15-cr-48 (CRC) |
| | ) | |
| DAVID BRONSTEIN, *et al.*, | ) | |
| | ) | |
| DEFENDANTS | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendants have moved to dismiss Count 2 of the Information, mounting a facial challenge to the constitutionality of 40 U.S.C. § 6134. A facial challenge addresses the right of parties not before the court. *City of Chi. v. Morales*, 527 U.S. 41, 55 n.22 (1999) ("When asserting a facial challenge, a party seeks to vindicate not only his own rights, but those of others who may also be adversely impacted by the statute in question. In this sense, the threshold for facial challenges is a species of third party (*jus tertii*) standing, which we have recognized as a prudential doctrine and not one mandated by Article III of the Constitution.") Although a facial challenge addresses the rights of third parties, the government's response focuses heavily on Defendants' own alleged conduct. The government's response thus misses the mark, addressing as-applied challenges to 40 U.S.C. § 6134 not raised by Defendants.

Defendants' facial attack is based on two doctrines— overbreadth and vagueness. As to the first doctrine, the Supreme Court has explained, "the overbreadth doctrine permits the facial invalidation of laws that inhibit the exercise of First Amendment rights if the

impermissible applications of the law are substantial when judged in relation to the statute's plainly legitimate sweep." *City of Chi. v. Morales*, 527 U.S. 41, 52 (1999) (internal quotation marks omitted). As to the second doctrine, vagueness, the Supreme Court has instructed that "even if an enactment does not reach a substantial amount of constitutionally protected conduct, it may be impermissibly vague because it fails to establish standards for the police and public that are sufficient to guard against the arbitrary deprivation of liberty interests." *Id.*

Defendants have standing to bring their facial challenge to 40 U.S.C. § 6134[1] by virtue of the fact that they have been charged with a violation of that statute. *See United States v. Gonzales*, 957 F. Supp. 1225, 1227 (D.N.M. 1997) ("The fact that Mr. Gonzales has been indicted is sufficient to confer standing on him to raise a facial challenge to the laws he is charged with violating"); *cf. Hodge v. Talkin*, 949 F. Supp. 2d 152, 177 (D.D.C. 2013) ("Absent a formal charging instrument specifying the precise clause of the statute that the plaintiffs were accused of violating, the Supreme Court cabined its review to the precise facts underlying the constitutional challenge, which the Court found limited to enforcement of the Display Clause on the sidewalks surrounding the Supreme Court.") Because Defendants have been charged with a violation of 40 U.S.C. § 6134, they have a right to have the Court evaluate the constitutionality of the statute. *United States v. Bozarov*, 974 F.2d 1037, 1040 (9th Cir. 1992) ("A defendant in a criminal proceeding is entitled to insist that his conduct be judged in accordance with a rule that is constitutionally valid."); *Bond v. United States*, 131 S.Ct. 2355, 2367 (2011) (Ginsburg,

---

[1] As used throughout this brief, a "facial challenge" to 40 U.S.C. § 6134 refers to the Uttering Clause and the Harangue Clause. It does not include the Discharge Clause, which does not relate to speech or speech-related activity.

J., concurring) ("Bond, like any other defendant, has a personal right not to be convicted under a constitutionally invalid law.") A law which is unconstitutional for any reason is not valid, and a violation of such law may not be punished. *Ex parte Siebold*, 100 U.S. 371, 376-77 (1879) ("An unconstitutional law is void, and is as no law. An offence created by it is not a crime. A conviction under it is not merely erroneous, but is illegal and void, and cannot be a legal cause of imprisonment.")

Defendants' right to have the Court rule on the constitutionality of 40 U.S.C. § 6134 on its face is not undermined by the fact that in so ruling the Court will need to examine the rights of parties not before the Court. *See Bozarov*, 974 F.2d at 1040 ("The government also contends that Bozarov is not entitled to bring a facial challenge to the EAA because doing so requires him to raise the claims of third parties. We reject this argument"). For example, in *Eisenstadt v. Baird*, 405 U.S. 438 (1972), the Supreme Court found that a defendant in a criminal case who had given away a foam contraceptive to a single woman possessed standing to challenge his conviction on the grounds that the statute under which he was convicted violated the Equal Protection rights of single individuals. *Id.* at 446 ("Baird, who is now in a position, and plainly has an adequate incentive, to assert the rights of unmarried persons denied access to contraceptives, has standing to do so.") In *Bond*, 131 S.Ct. at 2360, the Supreme Court found that a defendant in a criminal case had standing to challenge her conviction on the grounds that in enacting the statute, Congress interfered with the sovereignty and authority of the States. And in *INS v. Chadha*, 462 U.S. 919 (1983), the Supreme Court found that an alien had standing to challenge his deportation on the ground that the one-house veto provision of a federal statute was unconstitutional. *Id.* at 935-36 ("We must also reject the

contention that Chadha lacks standing because a consequence of his prevailing will advance the interests of the Executive Branch in a separation-of-powers dispute with Congress, rather than simply Chadha's private interests.")

The government argues that Defendants should not be permitted to raise the claims of third parties by invoking the overbreadth doctrine "to challenge provisions of § 6134 that they did not violate — i.e., those provisions concerning 'abusive' language, the plaza, and the sidewalks." (Gov. Opp. Mot. Dismiss at 15.) But the whole purpose of permitting a defendant in a criminal case to invoke the overbreadth doctrine is to permit him to say "that the statute could not be enforced against him, because it could not be enforced against someone else[.]" *Sabri v. United States*, 541 U.S. 600, 609 (2004). Although the Supreme Court has advised caution in permitting facial challenges through the overbreadth doctrine, the Court has also found First Amendment free speech issues are "weighty enough to overcome our well-founded reticence[.]" *Id.* Standing requirements are therefore relaxed in the First Amendment context. "The 'overbreadth' doctrine, which is a departure from traditional rules of standing, permits a defendant to make a facial challenge to an overly broad statute restricting speech, even if he himself has engaged in speech that could be regulated under a more narrowly drawn statute." *Alexander v. United States*, 509 U.S. 544, 555 (1993). Thus, even if Defendants' alleged conduct could be prohibited by a statute narrowly drawn to prohibit loud conduct or orations which disrupt the Supreme Court, they are permitted to make a facial challenge to the overly broad, speech-restrictive statute under which they have been charged.

Defendants' facial challenge is not, as the government would have it, bound by the specific location and nature of the Defendants alleged conduct. The Uttering Clause

prohibits "utter[ing] loud, threatening, or abusive language in the Supreme Court Building or grounds," and Defendants have standing to challenge this clause as a whole. The government cites no cases in which a court cabined a facial challenge to one or a few portions of a single clause within a single statute based on the alleged conduct of a defendant. Courts have, instead, generally considered facial challenges to entire subsections, even if not every word within the subsection corresponded with the defendant's alleged conduct.

For example, in *United States v. Popa*, 187 F.3d 672 (D.C. Cir. 1999), the defendant was charged with a violation of 47 U.S.C. § 223(a)(1)(C), which  (as written at the time) prohibited "mak[ing] a telephone call or utiliz[ing] a telecommunications device, whether or not conversation or communication ensues, without disclosing [one's] identity and with intent to abuse, threaten, or harass any person at the called number or who receives the communication." *Id.* at 673. The defendant was alleged to have made seven telephone calls to the office of Eric Holder. He referred to Mr. Holder as "a criminal, a negro," and claimed Holder "violated . . . our rights." *Id.* The defendant moved to dismiss the indictment, arguing that the statute violated the First Amendment as applied, as well as on its face. *Id.* at 674. The trial court denied the motion to dismiss and Popa was convicted. On appeal, Popa renewed his claim that the statute was unconstitutional as applied and on its face. The D.C. Circuit held that Popa had standing to make a facial challenge to 47 U.S.C. § 223(a)(1)(C). *Id.* at 678 ("Popa also challenges the constitutionality of § 223(a)(1)(C) on the ground that the statute is overbroad on its face. This he has standing to do.") Had the D.C. Circuit followed the logic urged by the government in this case, it would not have found that Popa had standing to challenge 47

U.S.C. § 223(a)(1)(C) on its face, but instead would have limited his standing to only those specific clauses which applied to the facts of his case. For example, although nothing about Popa's alleged phone calls was threatening, the D.C. Circuit found that Popa had standing make a facial challenge to § 223(a)(1)(C), which would include the statutory language prohibiting an "intent to . . . threaten[.]" Just as the D.C. Circuit found standing for Popa to challenge § 223(a)(1)(C) on its face, this Court should find standing for Defendants to challenge 40 U.S.C. § 6134 on its face.

The government also argues that Defendants cannot challenge 40 U.S.C. § 6134 on its face because the portions which Defendants argue are unconstitutional could simply be severed from the statute, leaving the remainder enforceable against them. The government is incorrect, however, that partial invalidation would be the result of Defendants prevailing on their overbreadth argument. In *Brockett v. Spokane Arcades*, 472 U.S. 491 (1985), the Supreme Court contrasted two scenarios. In the first scenario, exemplified by *Thornhill v. Alabama*, 310 U.S. 88 (1940) and *Village of Schaumburg v. Citizens for a Better Environment*, 444 U.S. 620 (1980), an "individual whose own speech or expressive conduct may validly be prohibited or sanctioned is permitted to challenge a statute on its face because it also threatens others not before the court – those who desire to engage in legally protected expression but who may refrain from doing so rather than risk prosecution or undertake to have the law declared partially invalid. If the overbreadth is 'substantial,' the law may not be enforced against anyone, including the party before the court, until it is narrowed to reach only unprotected activity, whether by legislative action or by judicial construction or partial invalidation." *Id.* at 503-04. In a second scenario, "the parties challenging the statute are those who desire to engage in

protected speech that the overbroad statute purports to punish, or who seek to publish both protected and unprotected material. There is then no want of a proper party to challenge the statute, no concern that an attack on the statute will be unduly delayed or protected speech discouraged. The statute may forthwith be declared invalid to the extent that it reaches too far, but otherwise left intact." *Id.* at 504.

The present case fits within the first *Brockett* scenario. Defendants' alleged speech or expressive conduct could be validly prohibited, but they are seeking to challenge the statute on its face because it threatens the speech of other not before the court. Thus, if the Court finds the statute's overbreadth is substantial, the law may not be enforced against anyone. This is not a case, as in the *Brockett* second scenario, where the Court could immediately declare invalid the law to the extent it reaches too far (i.e., to the sidewalk, to "abusive" language, etc.) Accordingly, facial invalidation would be the appropriate remedy in this case.

Finally, the government cites several cases in support of its position that the Court should "confine defendants' constitutional challenge to the provisions of § 6134 that they actually violated." (Gov. Opp. Mot. Dismiss at 16 n.5.) However, all of the cited cases are civil cases in which the burden was upon the plaintiff to justify the invocation of the court's jurisdiction. The present case is a criminal case in which there is no question about the Court's jurisdiction, and the Defendants are simply seeking to assert the First Amendment rights of absent third-parties. Accordingly, it is appropriate for the Court to rule on the constitutionality of 40 U.S.C § 6134 on its face.

Once the issue is properly framed, it is readily apparent that 40 U.S.C § 6134 is unconstitutional on its face. The statute restricts speech *qua* speech, at all times, places,

and manners in the entire forum. The government makes no attempt to defend the constitutionality of the statute on its face under strict scrutiny, or even under intermediate scrutiny. Rather, the government argues simply that the restrictions are reasonable as applied to the alleged facts of the present case. Even if that is so, the reasonableness of the statute as-applied cannot save the law from declared unconstitutional on its face.

/s/ Jeffrey Light

Jeffrey L. Light
LAW OFFICE OF JEFFREY LIGHT
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey@LawOfficeOfJeffreyLight.com
*Attorney for Defendants*