**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **CRIMINAL NO.  15-00048 (CRC)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **DAVID BRONSTEIN, et. al.,** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |

JOINT PROPOSED VOIR DIRE

The United States, by and through its attorney, the United States Attorney for the District

of Columbia, respectfully submits the Joint Proposed Voir Dire.  Unless otherwise specifically

noted below, defense counsel, Jeffrey Light, Esquire, has authorized government counsel to

represent that the defense agrees to the following:

GOVERNMENT'S PROPOSED STATEMENT OF THE CASE

In this case, the defendants, David Bronstein, Matthew Kresling, Yasmina Mrabet,

Belinda Rodriguez and Richard Saffle, are charged with Picketing or Parading and Unlawful

Speeches and Objectionable Language in the Supreme Court Building.  On April 1, 2015, the

defendants — David Bronstein, Matthew Kresling, Yasmina Mrabet, Belina Rodriguez, and

Richard Saffle — entered the Supreme Court of the United States and were seated in the

courtroom before that day's oral arguments began. After the Court session began, and while all

nine Justices were on the bench, the defendants, one after another, stood up in the Court and

yelled or sang loudly in the courtroom protesting the Supreme Court's decision in *Citizen United*

*v. FEC*. A Supreme Court police officer removed each of the defendants from the courtroom,

allowing the court proceedings to proceed. The defendants were subsequently arrested.

**DEFENDANTS' PROPOSED STATEMENT OF THE CASE[1]**

**Defendants are accused of (1) disrupting the Supreme Court by uttering loud language, and (2) demonstrating in the Supreme Court building with the intent of interfering with, obstructing, or impeding the administration of justice, or with the intent of influencing any judge, juror, witness, or court officer in the discharge of their duties. The government alleges that the Defendants violated the first law by uttering loud language in the courtroom while the Supreme Court was in session. The government alleges that Defendants violated the second law by making statements, including 'One Person, one vote,' in order to influence the Supreme Court justices to reverse their decision in a case called Citizens United. Citizens United was a case permitting unlimited expenditures of corporate funds to influence the outcome of elections.**

VOIR DIRE QUESTIONS

1.  The alleged incident occurred on Wednesday, April 1, 2015, at approximately 10:00 a.m., at the U.S. Supreme Court, 1 First Street, N.E., Washington, D.C.  Do you believe you may know anything about the facts and circumstances of this case, other than what I have told you today?  *If so, please write the number "1" on your index card.*

2.  Do you live or work near the area of the U.S. Supreme Court, 1 First Street, N.E., in the District of Columbia, where the alleged offense took place, or are you otherwise familiar with that area?  *If so, please write the number "2" on  your index card.*

---

[1] The government objects to the defendants' proposed statement of the case.

3.   The United States is represented in this case today by two Assistant United States Attorneys, Angela S. George and  James M. Perez. Do you recognize or think that you might know Ms. George or Mr. Perez?  *If so, please write the number "3" on your index card.*

4.   The defendants in this case are (a) David Bronstein; (b) Matthew Kresling; (c) Yasmina Mrabet; (d) Belinda Rodriguez; and (e) Richard Saffle.  Do you recognize or think that you might know any of the defendants?  *If so, please write the number "4" on your index card.*

5.   Mr. Caleb Medearis represents Mr. David Bronstein, and Mr. Jeffrey Light represents the other defendants.  Do you recognize or think that you might know Mr. Medearis or Mr. Light?  *If so, please write the number "5" on your index card.*

6.   The government will call a number of witnesses to testify during the trial.  The defense may also do so, but is not required to call witnesses.  I will ask each attorney to introduce or read a list of names of witnesses that you may hear from, or hear about, during the trial.  Not all of these witnesses will necessarily testify, but they are being introduced to determine whether any of you recognize or think that you may know any of the potential witnesses in this case.  After the attorneys are finished, please mark your card with a number "6" if you recognize or think that you may know any of these witnesses, and please write down the names of the witnesses you think you might recognize or know.

7.   Do you recognize or think that you might know any other member of the jury panel or any other person in the courtroom, including myself or courtroom staff?  *If so, please write the number "7" on your index card.*

PRESUMPTION OF INNOCENCE, BURDEN OF PROOF AND REASONABLE DOUBT

8.   Persons who have been charged with crimes are presumed to be innocent.  This presumption continues through the trial unless and until the government proves a defendant

3

guilty beyond a reasonable doubt.  Would you have difficulty in adhering to this principle?  *If so, please write the number "8" on your index card.*

9.  On the other hand, if, after you have heard all of the evidence in this case and been instructed on the law, you find that the government has proven beyond a reasonable doubt every element of an offense, it is your duty to find the defendant guilty of that offense.  Would you be reluctant to, or unable to, carry out that duty?  *If so, please write the number "9" on your index card.*

FAMILIARITY WITH PROSECUTION / DEFENSE / POLICE WORK OR JURY SERVICE

10.  Have you, or any of your family, close friends, or household members, studied law or had any legal training, including paralegal training?  *If so, please write the number "10" on your index card.*

11.  Have you, or any of your family, close friends, or household members, ever worked for or with an office that handles prosecution, such as the United States Attorney's Office, a district attorney's office, or an attorney general's office?  *If so, please write the number "11" on your index card.*

12.  Have you, or any of your family, close friends or household members, ever worked for or with law enforcement?  By "law enforcement" in this question I mean government agencies like state and local police departments, such as the Metropolitan Police Department or the U.S. Supreme Court Police, the Department of Justice, the U.S. Marshal's Service, the Internal Revenue Service, the U.S. Secret Service, the CIA, or the FBI.  *If so, please write the number "12" on your index card.*

13.  Have you ever belonged to any group or organization that participated in a civil disobedience event or incident or protest?[2]   *If so, please write the number "13" on your index card.*

14.  Have you, or any of your family, close friends, or household members, ever done any work for or with any person or organization that does criminal defense work, such as the Federal Defender's Office, the Public Defender's office, defense attorneys, or a private law firm?  This question also includes work as a private investigator.   *If so, please write the number "14" on your index card.*

15.  Have you, or any of your family, close friends, or household members, ever worked at a courthouse or for a court system, including as a probation or parole officer?   *If so, please write the number "15" on your index card.*

16.  Do you, or any of your family, close friends, or household members, have a pending application for employment with the United States Attorney's Office, the Federal Public Defender Service, Law Office of Mr. Medearis, Law Office of Mr. Light, or a law firm that does criminal defense work?   *If so, please write the number "16" on your index card.*

17.  Have you ever served on a Grand Jury?   *If so, please write the number "17" on your index card.   [Suggested follow-up for those who answer "yes" at the bench: Is there anything about that experience that would make it hard for you to be fair to both sides in this case?  A grand jury investigates cases and charges a person with a crime when there's probable cause to believe the person committed it.  The trial jury decides whether the government has proved the*

---

[2] The defendants object to this question based upon the holding in *United States v. Salamone,* 800 F.2d 1216 (3d Cir. 1986).

*case beyond a reasonable doubt.  You understand the difference, right?  Are you confident you*

*can be fair sitting on a trial jury?]*

18.  Have you ever served on a trial jury, either in a civil or a criminal case?   *If so, please*

*write the number "18" on your index card.   [Suggested follow-up for those who answer "yes"*

*at the bench: Without telling us what the verdict actually was, was the jury able to reach a*

*verdict in your case?  Is there anything about that experience that would make it hard for you to*

*be fair to both sides in this case?  Do you understand that the burden of proof in a criminal case*

*is much higher than the burden in a civil case?]*

GENERAL EXPERIENCE WITH LAW ENFORCEMENT/CRIME

19.  Have you, or any of your family, close friends, or household members, had any bad

experiences with the police or a prosecutor, whether here in D.C. or elsewhere?  Or bad

experiences with a defense attorney or defense investigator, whether here in D.C. or elsewhere?

*If so, please write the number "19" on your index card.*

20.  There will be testimony from police officers in this case.  Some officers will testify

because they processed, arrested, interviewed or took part in the investigation that followed the

incident.  Would the fact that a witness is a police officer have any effect at all on whether or not

you believe that person's testimony?  In other words, would the fact that a witness is a police

officer make you more likely to believe his or her testimony?  Or make you less likely to believe

his or her testimony?  *If so, please write the number "20" on your index card.*

21.  Have you, or any of your family, close friends, or household members, ever been the

victim of or a witness to a crime?  By "crime" here I mean something other than parking or

speeding tickets.  *If so, please write the number "21" on your index card.*

6

22.  Have you, or any of your family, close friends, or household members, ever been charged with a crime?  By "crime" here I mean something other than parking or speeding tickets. *If so, please write the number "22" on your index card.*

23.  Have you, or any of your family, close friends, or household members, ever been given a citation, violation notice, ticket or otherwise been processed by law enforcement as a result of your participation in a civil disobedience or incident or event or protest?  If so, please write the number "23" on your index card.

CIVIL DISOBEDIENCE OFFENSES

24.  This case involves allegations that the defendants participated in a demonstration or protest concerning the subject of campaign finance or political fundraising.  Do you have such strong feelings about either of these topics that the nature of the charges would make it difficult for you to be fair to both sides and to judge this case solely on the evidence admitted in court?  *If so, please write the number "24" on your index card.*

25.  Are you a member of any group that advocates either for or against campaign finance or political fundraising?  *If so, please write the number "25" on your index card.*

**26.  Defendants are accused of making statements, including 'One person, one vote,' in order to influence the Supreme Court to overturn its decision in a case called *Citizens United*. *Citizens United* was a case permitting unlimited expenditures of corporate funds to influence the outcome of elections.**

**27. Would you characterize your feelings as being in complete disagreement with those expressed by defendants? Having those feelings, would it be difficult for you to be completely fair and impartial in sitting as a juror in this case?[3]**

INDIVIDUAL JUDGMENT

28. Do you have any moral, social, political, philosophical, religious or any other creed or belief that would make it hard for you to sit as a juror in this case? *If so, please write the number "28" on your index card.*

29. The law requires that jurors weigh the evidence in a case and reach a verdict based solely upon the admitted evidence and instructions of law, without any regard whatsoever for what the potential punishment might or might not be. Would you have any difficulty at all in following this principle? *If so, please write the number "29" on your index card.*

30. Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court. Would you for any reason not be able to accept and follow my instructions regarding the law? *If so, please write the number "30" on your index card.*

MEDICAL PROBLEM/HARDSHIP/CATCH-ALL

31. Are you presently taking any medication that might cause drowsiness, or experiencing any other physical, mental, or emotional condition that might in any way affect your ability to give your full attention to this case? *If so, please write the number "31" on your index card.*

32. In my courtroom, the jury usually begins its day at _____a.m., and usually ends its day at _____p.m. We are estimating that once the jury is picked, the presentation

---

[3]*Cordero v. United States,* 456 A.2d 837 (D.C. 1983). Defendants propose questions 26 and 27, and the government objects to both questions.

of evidence in this trial will last for two to three days, and then of course the time that the jury

needs to deliberate will be determined by the jury itself.  Are there any matters that you simply

must attend to in the next few days such that you could be faced with a hardship if selected for

the jury in this case?  *If so, please write the number "32" on your index card.*

      33.  Is there anything that, in fairness, the lawyers should know about you as they try to

pick a jury?  *If so, please write the number "33" on your index card.*

      34.  Is there any reason or issue, not already raised, that might interfere with your ability

to treat both sides fairly and arrive at a fair and impartial verdict, or that causes you to feel you

should not sit as a juror in this case?  *If so, please write the number "34" on your index card.*

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney

_____/s/_____
ANGELA S. GEORGE, AUSA
D.C. Bar No. 447567
Violent Crimes and Narcotics Trafficking Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7758
Angela.George@usdoj.gov

_____/s/_____
JAMES M. PEREZ, AUSA
Legal Counsel to the United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7427
James.Perez@usdoj.gov